Reed W. Larsen, ISB # 3427
Javier L. Gabiola, ISB # 5448
COOPER & LARSEN, CHARTERED
151 North 3rd Avenue, 2nd Floor
P. O. Box 4229
Pocatello, ID 83205-4229
Telephone: (208) 235-1145
Facsimile: (208) 235-1182

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| JUDY NIELD AND RANDY GIRARD,<br><br>Plaintiffs,<br><br>vs.<br><br>UNUM GROUP, d/b/a UNUM GROUP CORPORATION,<br><br>Defendant. | Case No. 4:09-CV-00670-BLW<br><br>**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOCUMENT 12)** |

COME NOW Plaintiffs Judy Nield and Randy Girard, by and through the undersigned counsel, and submit Plaintiffs' Memorandum in Response to Defendant's Motion for Summary Judgment (*Document 12)*.

**FACTUAL BACKGROUND**

For a full recitation of the relevant facts, please refer to Plaintiffs' Statement of Undisputed Material Facts in Support of Plaintiffs' Motion for Summary Judgment, *Document No. 15*, and Plaintiffs' Statement of Disputed Facts in Support of Plaintiffs' Response to Defendant's Motion for Summary Judgment, incorporated fully herein by reference.

**STANDARD ON SUMMARY JUDGMENT**

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden of proving the absence of any genuine issue of material fact so that the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

Once the moving party demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-moving party to produce evidence sufficient to support a jury verdict in its favor. *See Anderson*, 477 U.S. at 256-57. In meeting this burden, the non-moving party must go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, or admissions on file that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). This evidence must be admissible because "only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

In ruling on summary judgment motions, the court does not resolve evidence with respect to disputed material facts, nor does it make credibility determinations. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Furthermore, all inferences must

be drawn in the light most favorable to the nonmoving party. *See id.* In other words, "if a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied." *Id.* at 631.

## ANALYSIS

### A. PLAINTIFFS' CLAIMS ARE NOT PREEMPTED BY ERISA, AS ERISA DOES NOT SET FORTH AN INTEREST RATE.

ERISA does not preempt Plaintiffs' claims. The issue here does not revolve around whether benefits or interest are due under the accidental death benefit policy. Unum paid the policy benefits and agreed interest was to be paid. The dispute is over the rate of interest payable to Plaintiffs under the accidental death benefit policy. On that issue, both ERISA and the policy are silent. The issue is purely a legal issue for the Court to decide.

The United States Supreme Court has recognized that where ERISA is silent on a topic, courts may develop a body of federal common law based on principles of state law. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110 (1989). The Ninth Circuit follows this principle. More specifically, the Ninth Circuit has held that as ERISA does not contain a body of contract law to govern the interpretation and enforcement of employee benefit plans, Congress intended for the courts, borrowing from state law where appropriate, and guided by the policies expressed in ERISA and other federal labor laws, to fashion a body of federal common law to govern ERISA suits. *Richardson v. The Pension Plan of Bethlehem Steel Corp.,* 112 F.3d 982, 985 (9th Cir. 1997); *Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1499 (9th Cir. 1984); *Terpinas v. Seafarer's International Union*, 722 F.2d 1445, 1447 (9th Cir. 1984).

Since ERISA is silent on the issue of interpreting what interest rate is due on a contract, and, since it is undisputed that the accidental death benefit policy is a contract, the Court can look to the

appropriate Idaho statute that sets the interest rate for contracts that do not contain an interest rate. That statute is Idaho Code §28-22-104. Thus, Plaintiffs claims that Unum breached its contract, and was unjustly enriched, in failing to pay them the rate of interest set forth in §28-22-104. Plaintiffs' claims are not preempted by ERISA's provisions.

Unum acknowledges that state law applies, as Unum argues, albeit incorrectly, that Idaho Code§§ 41-502 and 41-1337 states the appropriate interest rate. *Document No. 12-1*, p. 5**.** As a result, as ERISA does not have a provision pertaining to the interest due on an insurance policy, Plaintiffs' claims are not barred.

**B. THE INTEREST RATE SET FORTH IN IDAHO CODE § 22-22-104 APPLIES, AS THE POLICY IS AN ACCIDENTAL DEATH POLICY.**

**1. There is no dispute that the policy at issue was an accidental death policy, precluding application of Idaho Code §41-1337.**

Unum does not dispute that the policy does not set forth an interest rate, nor does it dispute that the policy is a contract. Unum incorrectly concludes that Idaho Code § 41-1337 applies. However, that statute **only applies** in cases pertaining to **life insurance**. The policy in this matter was not a life insurance policy. This is obvious pursuant to Idaho Code §§ 41-502 and 41-503. Section 41-502 defines life insurance, as follows:

> "Life insurance" is insurance on human lives. The transaction of life insurance includes also the granting of endowment benefits, **additional benefits** in event of death or dismemberment by accident or accidental means, additional benefits in event of the insured's disability, and optional modes of settlement of proceeds of life insurance. Life insurance does not include workmen's compensation coverages. [Emphasis added].

Section 41-503 defines disability insurance, as follows:

> "Disability insurance" includes: (a) Insurance of human beings against bodily injury, disablement, or death by accident or accidental means, or the expense thereof, or against disablement or expense resulting from sickness, and every

> insurance appertaining thereto. Disability insurance does not include worker's compensation coverages; and (b) A managed care plan for which a certificate of authority is required pursuant to chapter 39, title 41, Idaho Code.

Under the specific terms of these statutes, an accidental death benefit policy, like the one Unum issued to Scooter and for which Scooter paid, can be either a life insurance policy or a disability insurance policy, the distinction being whether the accidental death benefit insurance policy was part of a life insurance policy or a stand alone policy. In this case, the policy issued by Unum was a stand alone policy thereby qualifying as a disability insurance policy under Idaho Code § 41-503. The key phrase is in §41-502 which defines "additional benefits." In other words, if the accidental death benefit is part of a life insurance policy then it is defined as a life insurance policy. Again, the policy issued by Unum to Scooter that Scooter paid for was an accidental death benefit policy and not a life insurance policy. *See Document No. 16 (Affidavit of Judy Nield, Exhibit A).* Unum has not put forth any evidence in the record that the accidental death benefit policy here was a part of a life insurance policy. As the express terms of the policy provide, the policy was a "Accidental Death & Dismemberment Policy." Further, §41-1337 does not contain the words "accidental death insurance." As a result, Idaho Code § 27-22-104(1) provides that where no interest rate is named in a contract, 12% is the default rate of interest.

**2. Pursuant to Idaho Code §28-22-104, Plaintiffs are entitled to $27,704.17 in interest, which Unum has not paid.**

Specifically,§ 28-22-104(1), subparagraphs 1 and 2 provide as follows:

> (1) When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of twelve cents (12¢) on the hundred by the year on:
>
> 1. Money due by express contract.
> 2. Money after the same becomes due.

It is well settled that insurance policies, like the one Scooter purchased from Unum, are "express contracts" under Idaho Code § 28-22-104. *Walton v. Hartford Ins. Co.,* 120 Idaho 616, 818 P.2d 320 (1991); *Emery v. United Pac. Ins. Co.,* 120 Idaho 244, 815 P.2d 442 (1991); *Brinkman v. Aid Ins. Co.,* 115 Idaho 346, 766 P.2d 1227 (1988). There is no legitimate dispute that § 28-22-104 applies to insurance contracts. As a result, since the policy does not set forth any interest rate, the default rate of 12% pursuant to the statute is owed from the date of Scooter's death on September 3rd, 2005 until Unum paid the proceeds on January 29th, 2007. That time frame amounts to 513 days. Calculating 12% interest for 513 days on $170,000, the policy benefits Unum issued, equals $28,651.05. Deducting $946.88 Unum paid in interest, there is no legitimate dispute that Unum owes Nield and Girard $27,704.17.

**C. SCOOTER'S DATE OF DEATH IS THE DATE FROM WHICH INTEREST BEGAN TO ACCRUE, OF WHICH UNUM KNEW.**

There is no dispute Scooter's employer, JR Simplot, was Unum's agent of the accidental death policy, which Unum admits and acknowledges. *Document No. 12-2*, ¶ 1. Simplot knew of Scooter's death because he was an employee. Obviously, when Scooter died, Simplot knew that he did not return to work. Further, immediately following Scooter's death, Plaintiff Judy Nield called Simplot and notified it of Scooter's death. Ms. Nield knew Scooter had an insurance policy issued by Regence Insurance Company, through Simplot. *See Statement of Disputed Facts in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment,* ¶¶ *2-3.* Ms. Nield spoke with a representative of Simplot, told her of Scooter's death, and the representative gave Ms. Nield the telephone number for Regence Insurance Company, and told Ms. Nield to contact Regence. *Id.* Neither Simplot, nor Unum informed Ms. Nield that Scooter also had an accidental death benefits policy administered through Simplot and insured by Unum. *Id.*¶ *3.* In the fall of 2006, while Ms.

Nield was reviewing Scooter's documents, she found the Unum accidental death policy. *Id.* ¶ *4.* Simplot sent a letter and an "Attachment A-1" form to Ms. Nield's attorney, Jesse Robison, requesting that Plaintiffs complete the form and sent it back to them, so Simplot could forward it to Unum. *See Document 17-2, Exhibit B (11-29-06 Letter from Simplot to Jesse Robison).* Simplot knew of the existence of the accidental death benefit policy. Evidence of this is found in Unum's claim file, from a document titled "Simplot Group Health Plans Enrollment Change Form, which Scooter filled out, choosing the amount of $170,000 as the amount of the policy. *See Statement of Disputed Facts,* ¶ *6.*

Simplot undertook a fiduciary responsibility on behalf of Unum, thereby creating an agency relationship. *Adison Corp. v. American Bldg. Co.,* 107 Idaho 406; *Clark*, 95 Idaho 10; *Thornton v. Budge*, 74 Idaho 103; *Podolan v. Idaho Legal Aid*, 125 Idaho 937. Clearly, Simplot's knowledge as to Scooter's date of death on September 3, 2005, is imputed to Unum. There is no dispute, which Unum acknowledges, that Simplot acted as an agent of Unum. Either one of two things occurred: Simplot failed to notify Unum of Scooter's death, or Simplot notified Unum, who failed to notify Plaintiffs, as beneficiaries, of the existence of the policy.

It is also not disputed that had Plaintiffs not found Scooter's policy, Unum would have held on to the benefits indefinitely. Unum never sent any notice to Plaintiffs that Scooter had such a policy, even though it knew of the policy, and took Scooter's premium payments. This explains why Unum argues that it did not have notice of Scooter's death until January, 2007, so as to assuage Unum's improper act of failing to notify Plaintiffs of the benefits to which they were due under the policy.

**D. THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT UNUM BREACHED ITS CONTRACT WITH PLAINTIFFS AND WAS UNJUSTLY ENRICHED IN WRONGFULLY KEEPING THE CORRECT INTEREST FROM THEM.**

There is no factual dispute that Scooter, while employed at Simplot, purchased an accidental death benefit policy from Unum. *See Plaintiffs' Statement of Disputed Facts, ¶ (Affidavit of Judy Nield in Support of Plaintiffs' Response to Defendant's Motion for Summary Judgment, ¶2).* There is no factual dispute that Plaintiffs were beneficiaries named by Scooter in that policy. Unum has purposefully and intentionally withheld paying the total amount of interest pursuant to the 12% rate under Idaho Code § 28-22-104, despite repeated demands by Plaintiffs to have Unum pay them the correct amount. *See Document 17-1 to 17-12.* Moreover, Unum purposefully failed to even notify Plaintiffs of the benefits it owed them; rather, Plaintiffs had to write to Unum in order to receive the benefits. Unum breached its contract with Plaintiffs. Further, Unum was unjustly enriched, as it wrongfully kept the funds Plaintiffs were rightfully owed under the policy. There is no dispute that Unum's conduct was, in fact, arbitrary and capricious. For these reasons, Plaintiffs are entitled to summary judgment.

**CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request the Court grant their Motion for Summary Judgment and deny Defendant's Motion for Summary Judgment.

DATED this 2nd day of September, 2010.

COOPER & LARSEN, CHARTERED

By /s/ Reed W. Larsen
REED W. LARSEN

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of September, 2010, I served a true and correct copy of the above and foregoing document to the following person(s) as follows:

| | | |
|---|---|---|
| Samuel A. Diddle | [ ] | U.S. Mail/Postage Prepaid |
| Eberle, Berlin, Kading, Turnbow | [ ] | Hand Delivery |
| & McKlveen, Chtd. | [ ] | Overnight Mail |
| P.O. Box 1368 | [ ] | Facsimile /(208) 344-8542 |
| Boise, ID 83701 | [ ] | ECF/Electronic Notification |

/s/ Reed W. Larsen