Samuel A. Diddle, ISB No. 4967
Neil D. McFeeley, ISB No. 3564
EBERLE, BERLIN, KADING, TURNBOW
 & McKLVEEN, CHARTERED
1111 West Jefferson Street, Suite 530
P. O. Box 1368
Boise, ID  83701
Telephone:  (208) 344-8535
Facsimile:    (208) 344-8542

Attorneys for Defendant UNUM Group d/b/a UNUM Group Corporation

# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| JUDY NIELD AND RANDY GIRARD,<br><br>        Plaintiffs,<br><br>vs.<br><br>UNUM GROUP, d/b/a UNUM GROUP CORPORATION,<br><br>        Defendant. | Case No.  CV-09-670-E-BLW<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

COMES NOW the Defendant, Unum Group d/b/a Unum Group Corporation (hereinafter "Unum"), by and through its attorneys of record, Eberle, Berlin, Kading, Turnbow & McKlveen, Chartered, and hereby submits its reply brief in support of its Motion for Summary Judgment.

The parties have filed cross motions for summary judgment.  This reply brief is submitted in support of Unum's motion for summary judgment.

The Plaintiffs claim that the benefits paid to them under the J.R. Simplot Company Group Accidental Death and Dismemberment Policy (the "Group Plan") as a result of the accidental death of Mr. Nield are not life insurance benefits. This argument is unsubstantiated and contrary to Idaho Code. The Plaintiffs also make the legally and factually unsubstantiated claim that Simplot served as Unum's agent for receiving Proof of Loss. This argument is contrary to controlling law and the terms of the Group Plan and is factually unsupported. It is also irrelevant and ignores the fact that no benefits are due until Unum receives proof of loss not just notice of the date of death as argued by Plaintiffs. Each argument fails as a matter of law and Plaintiffs' claim must be dismissed.

### A.     The Interest Rate Set Forth in Idaho Code § 41-1337 is the Applicable Rate.

Plaintiffs' sole argument why the interest rate in Idaho Code § 41-1337 should not apply is based on the claim that "the policy in this matter was not a life insurance policy." (Plaintiffs' Memorandum at 4). This argument is specious.

Idaho Code § 41-1337 provides for the payment of benefits and the appropriate interest rate "under a policy of life insurance." Plaintiffs admit that the Unum Group Plan at issue is an accidental death policy. They assert that such policy can be "either a life insurance policy or a disability insurance policy." (*Id.*) Their "either/or" argument is expressly defeated by Idaho Code § 41-501, a section of the Insurance Code entitled "Definitions not mutual exclusive." The provision states:

> It is intended that certain insurance coverages may come within the definitions of two (2) or more kinds of insurance as defined in this chapter, and the inclusion of such coverage within one (1) definition shall not exclude it as to

DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT - 2
82900-20/Unum Reply Brief

>    any other kind of insurance within the definition of which
>    such coverage is likewise reasonably includable.

The following section, I.C. § 41-502, defines life insurance as "insurance on human lives." It goes on to provide that the transaction of life insurance includes also the granting of "additional benefits in event of death or dismemberment by accident or accidental means …." It states that life insurance does not include worker's compensation coverage.

The next section, § 41-503, defines disability insurance to include insurance of human beings against death by accident or accidental means.

There is no dispute that the Unum insurance policy at issue would fit within the definition of "disability insurance" as it encompasses insurance of human beings against death by accident or accidental means. But, just as obviously, that Unum policy would fit within the definition of "life insurance" as set out in § 41-502 as it was insurance on a human life. Those provisions are not mutually exclusive, as specifically stated by § 41-501, Idaho Code, and accidental death coverage is "reasonably includable" within life insurance.

Accordingly, Idaho Code § 41-1337 comes into play, as that section deals with proceeds "of any benefits under a policy of life insurance." Thus, the interest rate payable in this matter is the statutory interest rate under Idaho Code § 41-1337.

The Court will note that the Idaho Legislature in enacting § 41-502 specifically excluded workman's compensation policies. If it had wanted to exclude accidental death policies, it obviously knew how to do so. It could have stated "life insurance does not include accidental death policies unless they are part of a general life insurance policy."

DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT - 3
82900-20/Unum Reply Brief

The fact that the legislature did not do this is more evidence that accidental death benefit policies are also considered life insurance.

### B.     The Date of Accrual of Interest is December 26, 2006.

It is undisputed that Mr. Nield died on September 3, 2005, but that Unum first received a claim for accidental death benefits on December 26, 2006.  It is also undisputed that Idaho Code § 41-1337(2) governs in this situation.  It is also undisputed that the Unum policy required satisfactory proof that death had occurred by accidental means.  Under the policy, Unum will pay a "covered loss which is the result of an injury." (Dkt. 12-3, Ex. B, policy, p. 6).  Loss of life is a covered loss.  (*Id.* policy, p. 7).  Under the policy, "Injury means a bodily injury that is solely caused by external, violent and *accidental* means and is independent of any other cause." (*Id.* p. 4 (Emphasis Supplied)).  Under the policy "Unum will pay the claims as soon as We [Unum] get the Proof of Loss." *Id.*

Even if Scooter's employer, J.R. Simplot Co., were Unum's "agent," which Unum specifically denies and which will be discussed below, Simplot at most knew of Scooter's death.  Simplot had no ability to provide satisfactory proof of death by accidental means, as required for coverage under the Unum policy.  Thus the date of accrual of interest under Idaho Code § 41-1337(2) applies even if J.R. Simplot Co. were Unum's agent.

Under Plaintiffs' theory, Idaho Code § 28-22-104, a more general and less specific statute, would apply.  This violates well-established principles of statutory interpretation that "where two inconsistent statutes appear to apply to the same subject matter, the more specific statute will control over the more general one." *Huyett v. Idaho*

*State University*, 140 Id 904, 908, 104 P.3d 946, 950 (2009); *In re Schroeder,* 147 Idaho 476, 480, 210 P.3d 584, 588 (Ct.App. 2009).

But that general statute, even if applicable, would still point to December 26, 2006 as the date of accrual of interest because § 28-22-104 provides for accrual after money "becomes due." The death benefits in this case did not become due until Unum was provided with satisfactory proof of death caused by accidental means. Plaintiffs admit that this policy requires more than the death of the covered person; it requires that the death be caused by accident. Unum has no duty to pay until it was provided proof of this accidental death, proof which was not provided to it until December of 2006.

### C. Simplot is not Unum's Agent

The Plaintiffs make a legally unsound and factually unsubstantiated argument that J.R. Simplot Company was Unum's agent for the purpose of determining that adequate proof of loss had been received.

The primary flaw in this argument is that it misses the point that benefits are not due until Unum receives proof of loss which would be proof of loss of life due to an accidental injury covered under the terms of the Group Plan. It is undisputed that this did not occur until December 26, 2006. Even if Simplot were Unum's agent, which it certainly was not, it is undisputed that Unum did not receive the proof of loss of life by injury until December 26, 2006. There is also no evidence of what notice, if any, Simplot received beyond knowledge of Scooter's death.

On page 7 of their response memorandum the Plaintiffs cite several Idaho cases for the proposition that Simplot somehow undertook a fiduciary duty for Unum and therefore created an agency relationship. The totality of Plaintiffs' proof that Simplot

DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT - 5
82900-20/Unum Reply Brief

undertook a fiduciary responsibility is the existence of an illegible form called a Simplot Group Health Plan Enrollment Change Form and the fact that Simplot provided a Claim Form to the Plaintiffs' attorney that Simplot said it would forward to Unum. It is frivolous to assert that the existence of the form and Unum sending a claim form somehow establishes that Simplot was expressly appointed as Unum's agent for any purpose, much less determining that proof of loss had been received. These allegations do not present any evidence that Unum appointed Simplot as its agent for any purpose.

In addition, the Plaintiffs provide absolutely no analysis of the cases they cite and do not cite or discuss any specific holding of any case. The authority cited does not remotely establish that Simplot undertook a fiduciary duty and became Unum's agent and have no legal significance for this case.

The cases cited but not discussed do not support the Plaintiffs' argument. *Adkins Corporation v. American Building Company*, 107 Idaho 406 (1984), does not even discuss the creation of an agency relationship due to assumption of a fiduciary responsibility. The case simply discussed concepts of apparent authority. *Clark v. Gneiting*, 95 Idaho 10 (1972), held that a person appointed by the owner of a dairy as its "overseer" was the dairy's agent. The case is not even factually remotely close to the facts of this case and does not refer to any fiduciary agent. *Thornton v. Budge*, 74 Idaho 103 (1953), involved a question of whether the person who loaned another person a car for use in transporting a trailer was the agent of the person borrowing the car. This case is also not remotely close to the facts before this Court and has no legal applicability to this case.

The Plaintiffs' agency argument would require this Court to apply some unstated or unexplained Idaho agency law to the terms of an ERISA plan to find that the policyholder is actually the agent of the insurer for the purpose of determining if adequate proof of loss has been submitted. First, this would conflict with the explicit terms of the policy. The only relationship under the terms of the governing policy is that J.R. Simplot Company is a policyholder and Unum Life Insurance Company is the insurer. The policy specifically provides: "when making benefit determinations under this policy, Unum has discretionary authority to determine the insured's eligibility for benefits and to interpret the terms and provisions of this policy." The policy also specifies that "written proof of loss must be sent to Us within 90 days of the Loss or as soon as reasonably possible." Nothing in the terms of the policy appoints the policyholder as the agent of Unum for the purpose of receiving or determining proof of loss. Proof of loss must be submitted to Unum and Unum decides the claim upon receipt of submitted proof. Plaintiffs' argument would require this Court to rewrite the terms of the plan in violation of ERISA. In *Unum Life Insurance Company v. Ward*, 526 U.S. 358, 119 S.Ct. 1380 (1999), the United States Supreme Court specifically rejected the application of state law claims or law that would deem an employer/policyholder the agent of the insurer. *Id.* at 378. As persuasively argued by the United States in its amicus curiae brief, "deeming the policyholder-employer the agent of the insurer would have a marked effect on plan administration. It would force the employer as plan administrator to assume a role, with intended legal duties and consequences, that it has not undertaken voluntarily. *Id.* It would affect "not merely the plans' bookkeeping obligations regarding to whom benefit checks must be sent, but would also regulate the basic services that a plan may or must provide to its

participants and beneficiaries." The Court held that the California law that was relied upon to deem the policyholder and employer an agent of the insurer related to an ERISA plan and was therefore preempted and could not be applied.

Even if state law agency claims are considered, Plaintiffs have failed to present any evidence whatsoever that Unum altered the terms of its Group Plan and appointed Simplot as its agent for the purpose of receiving and determining proof of loss. The Plaintiffs point to a form and Simplot forwarding forms to Unum. Under the most basic principles of agency law, an agency may only be created by the express actions of the principal.

"For an agent to bind a principal to a third party in contract the agent must have actual or apparent authority." *Huyett v. Idaho State University*, 140 Idaho 904, 908, 104 P.3d 946, 950 (2004). "Actual authority may be either express or implied." *Id*. "Express authority occurs when a principal explicitly authorizes an agent to act on the principal's behalf." *Id*. "Apparent authority is based upon the representation of the principal to a third party." *Id.* at 910.

Plaintiffs do not present any proof that Unum authorized Simplot in any way to act upon its behalf or made any representation to any third party that would create apparent authority. The facts that upon receipt of the claim form all further communications regarding the claim occurred between Plaintiffs' representative and Unum and that Unum ultimately evaluated, accepted and paid the claim further establish that Simplot was simply a policyholder and not an agent.

In any event, as has been previously argued, even if Simplot were in some form Unum's agent, it does not alter the fact that policy benefits did not become due until Unum received proof of loss on December 26, 2006.

### D. Plaintiffs' State Law Claims are Preempted.

Finally, to the extent the Plaintiffs rely upon state law claims, such claims are preempted and should be dismissed. This includes their breach of contract and unjust enrichment claims.

"[A] state law cause of action is preempted by ERISA if it 'relates to' an employee benefit plan." *Bast v. Prudential Ins. Co. of Am.,* 150 F.3d 1003, 1007 (9th Cir.1998) (citing 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)).

The Supreme Court has "often observed that 'ERISA is a comprehensive and reticulated statute, the product of a decade of congressional study of the Nation's private employee benefit system.'" *Carpenters Health & Welfare Trust v. Vonderharr*, 384 F.3d 667, 670 (9th Cir. 2004) (quoting *Great West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002)).

"As the Supreme Court has stated, 'ERISA's carefully crafted and detailed enforcement scheme provides strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate directly.'" *Id.* (citations omitted). Because Plaintiffs have only asserted state law claims, which should be dismissed, there are no remaining claims and this action should be dismissed in its entirety with prejudice.

## CONCLUSION

For the foregoing reasons, Unum respectfully asserts that the Plaintiffs' Complaint should be dismissed with prejudice. Unum has fully and properly paid all amounts owed under the Group Plan, including principal and interest.

DATED this 27th day of September, 2010.

                      **EBERLE, BERLIN, KADING, TURNBOW & MCKLVEEN, CHARTERED**

                      By /s/
                      Samuel A. Diddle, of the Firm
                      Attorneys for Defendant Unum Group
                      d/b/a Unum Group Corporation

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was electronically filed with the U.S. District Court on the 27th day of September, 2010.  Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

| | |
|---|---|
| Reed W. Larsen<br>Javier L. Gabiola<br>COOPER & LARSEN, CHARTERED<br>151 North 3rd Avenue, 2nd Floor<br>PO Box 4229<br>Pocatello, ID 83205<br> *Attorneys for Plaintiffs* | Email: reed@cooper-larsen.com<br>Email: Javier@cooper-larsen.com |

                 /s/
                 Samuel A. Diddle

DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT - 11
82900-20/Unum Reply Brief