Reed W. Larsen, ISB # 3427
Javier L. Gabiola, ISB # 5448
COOPER & LARSEN, CHARTERED
151 North 3rd Avenue, 2nd Floor
P. O. Box 4229
Pocatello, ID 83205-4229
Telephone: (208) 235-1145
Facsimile:  (208) 235-1182

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| JUDY NIELD AND RANDY GIRARD, | Case No. 4:09-CV-00670-BLW |
| Plaintiffs, | |
| vs. | **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DOCUMENT 13)** |
| UNUM GROUP, d/b/a UNUM GROUP CORPORATION, | |
| Defendant. | |

COME NOW Plaintiffs Judy Nield and Randy Girard, by and through the undersigned counsel, and submit this Reply Memorandum in Support of Plaintiffs' Motion for Summary Judgment *(Document 13)*.

## ANALYSIS

### A.   PLAINTIFFS' CLAIMS ARE NOT PREEMPTED BY ERISA, AS ERISA DOES NOT SET FORTH AN INTEREST RATE.

ERISA does not preempt Plaintiffs' claims, and Defendant's opposition to the contrary lacks merit. It is, indeed, ironic Defendant wrongfully asserts this matter is preempted, especially in light of the fact that Defendant's argument is primarily supported by their reliance upon an Idaho statute, Idaho Code § 41-1337.

Again, the dispute is over the rate of interest payable to Plaintiffs under the accidental death benefit policy. On that issue, both ERISA and the policy are silent, and where ERISA is silent, courts may look to state law. *See, Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110 (1989). The Ninth Circuit follows this principle. *Richardson v. The Pension Plan of Bethlehem Steel Corp.*, 112 F.3d 982, 985 (9th Cir. 1997); *Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1499 (9th Cir. 1984); *Terpinas v. Seafarer's International Union*, 722 F.2d 1445, 1447 (9th Cir. 1984).

As ERISA is silent on the issue of interpreting what interest rate is due on a contract, this Court must look to Idaho Code §28-22-104, which provides for the default interest rate of 12% where a contract does not contain an interest rate. Defendant does not dispute, nor can it, that the policy here is a contract. ERISA does not have a provision pertaining to the interest due on an insurance policy, and, thus, Plaintiffs' claims are not barred.

**B.    IDAHO CODE § 22-22-104 APPLIES.**

**1.    There is no dispute that the policy at issue was an accidental death policy, precluding application of Idaho Code §41-1337.**

Unum incorrectly concludes it properly paid interest pursuant to Idaho Code § 41-1337. That statute **only applies** in cases pertaining to **life insurance**. The policy in this matter was not a life insurance policy. This is obvious pursuant to Idaho Code §§ 41-502 and 41-503. Section 41-502 defines life insurance, as follows:

> "Life insurance" is insurance on human lives. The transaction of life insurance includes also the granting of endowment benefits, **additional benefits** in event of death or dismemberment by accident or accidental means, additional benefits in event of the insured's disability, and optional modes of settlement of proceeds of life insurance. Life insurance does not include workmen's compensation coverages. [Emphasis added].

Section 41-503 defines disability insurance, as follows:

> "Disability insurance" includes: (a) Insurance of human beings against bodily injury, disablement, or death by accident or accidental means, or the expense

>thereof, or against disablement or expense resulting from sickness, and every insurance appertaining thereto. Disability insurance does not include worker's compensation coverages; and (b) A managed care plan for which a certificate of authority is required pursuant to chapter 39, title 41, Idaho Code.

Under the specific terms of these statutes, Scooter's accidental death benefit policy, was a stand alone policy, not a life insurance policy. *See Document No. 16 (Affidavit of Judy Nield, Exhibit A)*. Unum has not put forth any evidence in the record that the accidental death benefit policy here was a part of a life insurance policy. As the express terms of the policy provide, the policy was a "Accidental Death & Dismemberment Policy." Further, §41-1337 does not contain the words "accidental death insurance." As a result, Idaho Code § 27-22-104(1) provides that where no interest rate is named in a contract, 12% is the default rate of interest.

2. **Pursuant to Idaho Code §28-22-104, Plaintiffs are entitled to $27,704.17 in interest, which Unum has not paid.**

Specifically, § 28-22-104(1), subparagraphs 1 and 2 provide as follows:

>(1) When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of twelve cents (12¢) on the hundred by the year on:
>
>1. Money due by express contract.
>2. Money after the same becomes due.

It is well settled that insurance policies, like the one Scooter purchased from Unum, are "express contracts" under Idaho Code § 28-22-104. *Walton v. Hartford Ins. Co.,* 120 Idaho 616, 818 P.2d 320 (1991); *Emery v. United Pac. Ins. Co.,* 120 Idaho 244, 815 P.2d 442 (1991); *Brinkman v. Aid Ins. Co.,* 115 Idaho 346, 766 P.2d 1227 (1988). There is no legitimate dispute that § 28-22-104 applies to insurance contracts. As a result, since the policy does not set forth any interest rate, the default rate of 12% pursuant to the statute is owed from the date of Scooter's death on September 3rd, 2005 until Unum paid the proceeds on January 29th, 2007. That time frame amounts to 513 days.

Calculating 12% interest for 513 days on $170,000, the policy benefits Unum issued, equals $28,651.05.  Deducting $946.88 Unum paid in interest, there is no legitimate dispute that Unum owes Nield and Girard $27,704.17.

    **C.**    **SIMPLOT'S KNOWLEDGE OF SCOOTER'S DATE OF DEATH IS IMPUTED TO UNUM.**

Unum misrepresents the record in this matter, as there are facts supporting that Simplot, was Unum's agent, which Unum admits and acknowledges.  *Document No. 12-2*, ¶ 1.  Simplot knew of Scooter's death because he was an employee.  Immediately following Scooter's death, Plaintiff Judy Nield called Simplot and notified it of Scooter's death.  Ms. Nield knew Scooter had an insurance policy issued by Regence Insurance Company, through Simplot. *See Document 21,* ¶¶ *2-3*.  Neither Simplot, nor Unum informed Ms. Nield that Scooter also had an accidental death benefits policy administered through Simplot and insured by Unum.  *Id.* ¶ *3*.  In the fall of 2006, while Ms. Nield was reviewing Scooter's documents, she found the Unum accidental death policy.  *Id.* ¶ *4*.  Simplot sent a letter and an "Attachment A-1" form to Ms. Nield's attorney, Jesse Robison, requesting that Plaintiffs complete the form and send it back to them, so Simplot could forward it to Unum.  *See Document 17-2, Exhibit B (11-29-06 Letter from Simplot to Jesse Robison)*.  Simplot knew of the existence of the accidental death benefit policy.  Evidence of this is found in Unum's claim file, from a document titled "Simplot Group Health Plans Enrollment Change Form, which Scooter filled out, choosing the amount of $170,000 as the amount of the policy.  *See Statement of Disputed Facts,* ¶ *6.*

These facts support the conclusion that an agency relationship existed between Simplot and Unum.  *Podolan v. Idaho Legal Aid*, 123 Idaho 937, 854 P.2d 280 (Ct. App. 1993).  Clearly, Simplot's knowledge as to Scooter's date of death on September 3, 2005, is imputed to Unum.

Either one of two things occurred: Simplot failed to notify Unum of Scooter's death, or Simplot notified Unum, who failed to notify Plaintiffs, as beneficiaries, of the existence of the policy.

It is also not disputed that had Plaintiffs not found Scooter's policy, Unum would have held on to the benefits indefinitely. Unum never sent any notice to Plaintiffs that Scooter had such a policy, even though it knew of the policy, and took Scooter's premium payments. This explains why Unum argues that it did not have notice of Scooter's death until January, 2007, so as to assuage Unum's improper act of failing to notify Plaintiffs of the benefits to which they were due under the policy. Unum held on to the policy benefits of $170,000 for 16 months, collecting interest, which is what it should have paid Plaintiffs, and not kept in its coffers.

> D. **THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT UNUM BREACHED ITS CONTRACT WITH PLAINTIFFS AND WAS UNJUSTLY ENRICHED IN WRONGFULLY KEEPING THE CORRECT INTEREST FROM THEM.**

There is no factual dispute that Scooter, while employed at Simplot, purchased an accidental death benefit policy from Unum. There is no factual dispute that Plaintiffs were beneficiaries named by Scooter in that policy. Unum has purposefully and intentionally withheld paying the total amount of interest pursuant to the 12% rate under Idaho Code § 28-22-104, despite repeated demands by Plaintiffs to have Unum pay them the correct amount. *See Document 17-1 to 17-12.* Moreover, Unum purposefully failed to even notify Plaintiffs of the benefits it owed them; rather, Plaintiffs had to write to Unum in order to receive the benefits. Unum breached its contract with Plaintiffs. Further, Unum was unjustly enriched, as it wrongfully kept the funds Plaintiffs were rightfully owed under the policy. There is no dispute that Unum's conduct was, in fact, arbitrary and capricious. For these reasons, Plaintiffs are entitled to summary judgment.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request the Court grant their Motion for Summary Judgment and deny Defendant's Motion for Summary Judgment.

DATED this 1st day of October, 2010.

                                      COOPER & LARSEN, CHARTERED


                                      By   /s/ Reed W. Larsen
                                            REED W. LARSEN


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of October, 2010, I served a true and correct copy of the above and foregoing document to the following person(s) as follows:

| | | |
|---|---|---|
| Samuel A. Diddle | [ ] | U.S. Mail/Postage Prepaid |
| Eberle, Berlin, Kading, Turnbow | [ ] | Hand Delivery |
|   & McKlveen, Chtd. | [ ] | Overnight Mail |
| P.O. Box 1368 | [ ] | Facsimile /(208) 344-8542 |
| Boise, ID 83701 | [X] | ECF/Electronic Notification |

                                            /s/ Reed W. Larsen