IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUDY NIELD AND RANDY GIRARD<br><br>Plaintiffs,<br><br>v.<br><br>UNUM GROUP, d/b/a UNUM GROUP CORPORATION<br><br>Defendant. | Case No. 4:CV-09-670-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it cross-motions for summary judgment. The Court heard oral argument on December 20, 2010, and the took the motions under advisement. For the reasons expressed below, the Court will grant Unum's motion and deny plaintiffs' motion.

## SUMMARY OF ISSUES

This case presents two questions related to the accidental death policy held by Scooter Nield at the time of his death. Defendant-Insurer Unum Group paid the amount owed pursuant to the policy upon receipt of the Proof of Loss, plus interest, to the plaintiff-beneficiaries. Plaintiffs contend that they are owed (1) interest for the period from the date of death through payment, rather than interest for the period from receipt of the Proof of Loss through payment, (2) at a higher interest rate. Unum responds that ERISA preempts plaintiffs' claims, and that they paid the proper rate and amount of

**Memorandum Decision - page 1**

interest.

# FACTUAL BACKGROUND

Scooter Nield, an employee of the J.R. Simplot Company, died on September 3, 2005. *Tracy Decl., Dkt. 12-4, Ex. A*. Nield was a participant in Simplot's Employee Group Accidental Death and Dismemberment Policy No. GSR10455 (the "Policy"), which is governed by ERISA. *Tracy Decl., Dkt. 12-4, Ex. B*. Plaintiffs were the beneficiaries of the Policy, which provided for a death benefit of $170,000. *Id*. Plaintiffs did not become aware of the Policy until late 2006. *Complaint, Dkt. 1, at ¶ XVII*. Unum received Plaintiffs' Notice of Claim and Proof of Loss on December 26, 2006. *Tracy Decl., Dkt. 12-4, Ex. A*. After a brief investigation, Unum paid $170,000 to plaintiffs on January 29, 2007. *Tracy Decl., Dkt. 12-4, Ex. D.*

Plaintiffs then requested interest on the $170,000 paid on the Policy. *Tracy Decl., Dkt. 12-4, Ex. E*. On February 7, 2007, Unum paid plaintiffs $946.88 in interest: 34 days (December 26-January 29) at 5.35% (federal reserve rate of 3.35% + 2% ) following the Idaho statute governing interest rates on life insurance policies, Idaho Code § 41-1337. *Tracy Decl., Dkt. 12-4, Ex. F*. On April 19, 2007, Unum denied plaintiffs' appeal of the interest paid. *Tracy Decl., Dkt. 12-4, Ex. H.*

Plaintiffs sued Unum in Idaho state court, asserting breach of contract and unjust enrichment, on November 19, 2009. *Complaint*, *Dkt. 1*. Unum removed the action to this Court on December 22, 2009. *Notice of Removal*, *Dkt. 1*. Both parties moved for summary judgment, seeking resolution of the interest issue.

**Memorandum Decision - page 2**

## ANALYSIS

**ERISA Preemption of State Law Claims**

Unum argues that since plaintiffs' sole claims (unjust enrichment and breach of contract) are premised on state law, they are preempted by ERISA and should be dismissed. *Defendant's Mem.*, Dkt. 12-1, at 2. ERISA preempts a state law cause of action if it "relates to" an employee benefit plan. 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). "A law relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990).

It is undisputed that the policy at issue here is an ERISA plan. The plaintiffs' state law claims "relate to" the ERISA plan in the normal sense of the phrase because they seek to set the rate and accrual date for the interest due on the plan's proceeds. Hence, the plaintiffs' state law claims are preempted and this case is governed by ERISA.

**ERISA and Interest**

ERISA authorizes plaintiffs to sue to "recover benefits due to [them] under the terms of [their] plan." *See* 29 U.S.C. § 1132(a)(1)(B). The policy is silent on interest, and ERISA contains no provision for interest. Both sides agree that Idaho law governs the interest rate and the accrual date, but they disagree over which Idaho law applies.

Unum treated the policy as a policy of life insurance governed by Idaho Code § 41-1337. That statute governs, among other things, the payment of interest on life insurance policies. The term "life insurance" is defined in Idaho Code § 41-502 as

**Memorandum Decision - page 3**

"insurance on human lives." Unum argues that the policy insured Nield's life if he died in an accident, and hence fell within the definition of "insurance on human lives."

Plaintiffs concede that if the policy was a "life insurance" policy – as defined by § 41-502 and regulated by § 41-1337 – they have no case because Unum complied with the interest payment provisions of § 1337. Plaintiffs argue, however, that when more of the statutory definition of "life insurance" is considered, it shows why this policy is not life insurance. Under § 502, life insurance is "insurance on human lives . . . [that] includes also . . . additional benefits in event of death . . . by accident . . . ." In other words, "life insurance" must have a basic death benefit and includes policies that have "additional" benefits if the death is accidental. That does not describe this policy, plaintiffs argue, which does not have a basic death benefit that pays for death by any means and then increases the benefit if death was accidental. Rather, they assert, the present policy is "disability insurance" as defined by Idaho Code § 41-503: "Insurance of human beings against . . . death by accident or accidental means." This definition covers precisely the policy at issue here, plaintiffs argue. By defining the policy as "disability insurance," the interest rate would rise to 12% under the general interest rate provisions of Idaho Code 28-22-104 because disability policies have no specific rates set by statute as is the case for life insurance policies.

The plaintiffs make a persuasive case that § 503 more precisely covers the policy at issue here. In a standard statutory interpretation case, where two mutually exclusive statutory definitions exist, the Court typically applies the more specific of the two. That

**Memorandum Decision - page 4**

is no solution here, however, for two reasons. First, the Court is not reviewing Unum's statutory interpretation *de novo*. Under ERISA, the Court may reverse Unum's decision only if it is arbitrary and capricious. *Ingram v. Martin Marietta*, 244 F.3d 1109 (9th Cir. 2001). Second, the two statutory definitions are not mutually exclusive as Idaho § 41-501 makes clear:

> It is intended that certain insurance coverages may come within the definitions of two (2) or more kinds of insurance as defined in this chapter, and the inclusion of such coverage within one (1) definition shall not exclude it as to any other kind of insurance within the definition of which such coverage is likewise reasonably includable.

Considering these two factors – the standard of review and § 501 – the Court must ask: Was it arbitrary and capricious to treat this policy as one of "life insurance" as defined in § 502 rather than one of "disability insurance" as defined in § 503? Certainly the definition of "disability insurance" under § 503 more precisely describes the policy. But it was not unreasonable to treat the policy as "insurance on human life" under § 502 because it pays benefits if the insured loses his life to an accident. The two definitions are not mutually exclusive according to § 501. Thus, even though the Court might apply § 503 if reviewing this case *de novo*, the Court must conclude that Unum was not arbitrary and capricious in applying § 502 and § 1337.

Plaintiffs have conceded that Unum followed the dictates of § 1337 in paying interest. That is because § 1337(2) states that for life insurance, if the notice of death is received more than 180 days after death (which was the case here), and death benefits are not paid within 30 days after that notice is received (also true here) then "interest shall

**Memorandum Decision - page 5**

accrue from the date on which satisfactory proof was received by the insurer to the date when proceeds were paid." Unum followed that accrual standard when computing the interest it paid to plaintiffs.

Accordingly, the Court will grant Unum's motion for summary judgment and deny the motion filed by plaintiffs. The Court will issue a separate judgment as required by Rule 58(a).

DATED: **January 6, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge